**JOHN J. BRIER, ESQUIRE**
SUP. CT. ID. NO. 08330
3738 BIRNEY AVENUE
MOOSIC, PA 18507
(570)341-7700                                                                           ATTORNEY FOR PLAINTIFF

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID E. BAKER | : | CIVIL ACTION – LAW |
| | : | |
| vs. | : | JURY TRIAL DEMAND |
| | : | |
| SCRANTON HOUSING AUTHORITY, | : | |
| SCRANTON HOUSING AUTHORITY | : | |
| BOARD OF COMMISSIONERS, and | : | |
| MARY ANNE SINCLAIR, Individually | : | |
| and as Chairperson Board of | : | |
| Commissioners, | : | |
| Defendants | : | No. |

AND NOW comes Plaintiff, David E. Baker, by his attorney, John J. Brier, Esquire, who files the following Complaint against Defendants and avers the following in support thereof:

1. Plaintiff, David E. Baker, is a competent adult individual residing at One David Terrace, Scranton, Pennsylvania who at all times relevant hereto was Executive Director of the Scranton Housing Authority, and has a property interest in his position and could not be terminated, suspended or disciplined without "just cause."

2. Defendant, Scranton Housing Authority, is a government or other legal entity with its principle office located at 400 Adams Avenue, Scranton, Pennsylvania 18510.

3. Defendant, Mary Anne Sinclair, is being sued individually and as Chairperson of the Board of Commissioners for the Scranton Housing Authority.

4. At all times relevant hereto Defendant Mary Anne Sinclair and William Egan were servants, agents and/or employees of Scranton Housing Authority and were operating under color of applicable law.

**JURISDICTION**

5. This suit is brought and jurisdiction lies pursuant to 42 U.S.C. §1983 for constitutional violations of Plaintiff Baker's rights pursuant to First, Fourth and Fourteenth Amendments of the United States Constitution. Plaintiff also asserts state claims for which there is supplemental jurisdiction.

**RELEVANT FACTS**

6. On or about September 1, 1995, Plaintiff, Baker, was hired to be the executive director of the Scranton Housing Authority.

7. Plaintiff, Baker, has faithfully served in the position as executive director of the Housing Authority since his appointment.

8. Plaintiff, Baker, served as executive director of the Scranton Housing Authority faithfully until February 25, 2008 when the Board of Commissioners for the Scranton Housing Authority met in special meeting suspending him from his position as Executive Director of the Scranton Housing Authority.

9. After his suspension, Plaintiff, Baker, was to continue to receive his bi-weekly salary and benefits, but he was required to return the Scranton Housing Authority's vehicle and return any building keys.

10. On April 1, 2008, by Certified Mail, the Defendant, Scranton Housing Authority, informed Plaintiff, Baker, that his suspension was a result of the indictment which was handed down on or about February 20, 2008.

11. Defendant, Scranton Housing Authority, also informed Plaintiff, Baker, that if the investigation has not revealed cause for disciplinary action, the suspension shall be retracted and expunged from all records and Plaintiff, Baker, would receive full back pay for the period of

suspension.

12.  Defendant also released a statement to the press stating that the vote to suspend Plaintiff, Baker, was unanimous, his salary and the basis of the suspension.

13.  On April 7, 2008, Defendant, Scranton Housing Authority, suspended Plaintiff, Baker, without pay, but maintained he was entitled to his accumulated sick time and as long as he chose to receive his accumulated sick time, he would continue to receive health insurance benefits.

14.  On December 4, 2008, Defendant, Scranton Housing Authority, informed Plaintiff that that he has used all of his accumulated sick time and in order to receive a full paycheck he must use any accumulated annual leave.

15. On December 17, 2008, Defendant, Scranton Housing Authority, informed Plaintiff, Baker, that he would be paid his bi-weekly salary by crediting his unused vacation time and that he would continue to receive same until it was exhausted.

16.  On January 8, 2010, Defendant, Scranton Housing Authority, advised Plaintiff, Baker, that as of January 27, 2010 that his accumulated sick days, personal days, and vacation days would be exhausted and that his health insurance benefits would terminate as of January 31, 2010.

17. At all times relevant hereto Plaintiff, Baker, was a Civil Service employee with the Scranton Housing Authority and as such had a protected property interest in continued employment.

18. As a Civil Service employee, Plaintiff, Baker, had a protected property interest in continued employment and could only be dismissed for cause.

**COUNT I - VIOLATION OF PLAINTIFF'S RIGHT TO DUE PROCESS**
**BEFORE SUSPENSION WITH PAY**
**PLAINTIFF V. DEFENDANTS**

19. Plaintiff adopts paragraphs One (1) through Eighteen (18) herein as though same were fully set forth at length.

20. Plaintiff, Baker, was suspended with pay on February 25, 2008 by the Board of Commissioners of the Scranton Housing Authority at a special meeting. .

21.  Plaintiff, Baker did not receive notice that he was being suspended with pay by the Board of Commissioners of the Scranton Housing Authority.

22. The Board of Commissioners of the Scranton Housing Authority did not provide Plaintiff with a hearing regarding his suspension either at the time he was suspended with pay or at any time after the suspension occurred despite his request for such a hearing.

23. Plaintiff, Baker, was never given an opportunity to respond or be heard to the suspension with pay despite his request and demands for such a hearing.

24. Since the Plaintiff was never given notice of the suspension with pay and was never provided a hearing or allowed to address the accusations made against him, the Plaintiff never received the process he was due under the Constitution of the United States and of the Commonwealth of Pennsylvania before being deprived of his right to work.

WHEREFORE, Plaintiff, David E. Baker, seeks all remedies available pursuant to [U.S.C. §1983](), including, but not limited to reinstatement, nominal damages, punitive damages, attorney fees, and costs, pre- and post- interest, restoration of benefits he has lost, delay damages, reformation of Plaintiff's employment record and for emotional distress.

### COUNT II - VIOLATION OF PLAINTIFF'S RIGHT TO DUE PROCESS BEFORE SUSPENSION WITHOUT PAY
### PLAINTIFF V. DEFENDANTS

25. Plaintiff adopts paragraphs One (1) through Twenty-Four (24) herein as though same were fully set forth at length.

26. Plaintiff, Baker, was suspended without pay on April 7, 2008 by the Board of Commissioners of the Scranton Housing Authority.

27. Plaintiff, Baker, was forced to use all of his accumulated vacation, sick and personal time, which ran out on or about January 27, 2010.

28. Plaintiff, Baker, lost his health insurance benefits, life insurance benefits and disability insurance benefits that he was receiving from his employment with the Scranton Housing Authority on or about January 30, 2010, however the health insurance benefits were continued until February 28, 2010 at which time he was informed they will be terminated.

29. Plaintiff, Baker did not receive notice that he was being suspended without pay by the Board of Commissioners of the Scranton Housing Authority.

30. The Board of Commissioners of the Scranton Housing Authority did not provide Plaintiff with a hearing regarding his suspension without pay either at the time he was suspended without pay or at any time after the suspension occurred despite his request for such a hearing.

31. Plaintiff, Baker, was never given an opportunity to respond or be heard on the suspension without pay despite his requests and demands for such a hearing.

32. Since the Plaintiff was never given notice of the suspension without pay and was never provided a hearing or allowed to address the accusations made against him, the Plaintiff never received the process he was due under the Constitution of the United States and the Commonwealth of Pennsylvania before being deprived of his right to work.

WHEREFORE, Plaintiff, David E. Baker, seeks all remedies available pursuant to [U.S.C. §1983](#), including, but not limited to reinstatement, nominal damages, punitive damages, attorney fees, and costs, pre- and post- interest, restoration of benefits he has lost, delay damages, reformation of Plaintiff's employment record and for emotional distress.

5

### Count III – Publicity Given to Private Life
**Baker v. Scranton Housing Authority, et al**

33. Plaintiff adopts paragraphs One (1) through Thirty-Two (32) herein as though same were fully set forth herein at length.

34. Defendants have given publicity to the private life of the Plaintiff.

WHEREFORE, Plaintiff, David E. Baker, seeks all remedies available including, but not limited to reinstatement, nominal damages, punitive damages, attorney fees, and costs, pre- and post- interest, restoration of benefits he has lost, delay damages, reformation of Plaintiff's employment record and for emotional distress.

A jury trial is demanded on all claims.

By: _s/ John J. Brier, Esquire___
John J. Brier, Esquire
PA. I.D.# 08330
3738 Birney Avenue
Moosic, PA 18507
(570) 341-7700

Terrence J. McDonald, Esquire
PA. I.D. #81330
3738 Birney Avenue
Moosic, PA 18507
(570) 344-8744
terrencemcdonald@verizon.net
Attorneys for David E. Baker